UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FOSTER WAYNE GULLEY,

     Plaintiff,

v.                                                      Case No. 3:18cv2359-MCR-HTC

RAUL MOJICA, et al.,

     Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

     Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 on or about November 30, 2018, alleging claims of false arrest and malicious prosecution. ECF Doc. 1. Initially, Plaintiff sued the Escambia County Sheriff's Department and Escambia County. On January 9, 2019, the Court entered an Order finding that Plaintiff's complaint failed to state a claim for relief because the Sheriff's Office is not a legal entity which can be sued and Plaintiff failed to allege facts sufficient to support a claim of supervisory liability as to the County. ECF Doc. 7. The Court gave Plaintiff an opportunity to amend his complaint within thirty (30) days. ECF Doc. 7.

     After two (2) extension requests and a show cause order, on April 9, 2019, Plaintiff filed a document, which was docketed as a First Amended Complaint, but

was simply a notice indicating that the clerk had sent him the complaint form for a prisoner rather than a non-prisoner. ECF Doc. 15. The Court thus gave Plaintiff fourteen (14) days to file an amended complaint on the proper forms. ECF Doc. 16. Over the next three months, Plaintiff filed multiple deficient amended complaints, and, on July 17, 2019, after screening the "fourth amended complaint,"[1] the Court allowed Plaintiff another opportunity to file a fifth amended complaint within thirty (30) days or, if he could not do so in good faith, to file a notice of voluntarily dismissal. ECF Doc. 20.

On August 19, 2019, Plaintiff filed what he termed a fifth amended complaint, but it really was just a request for pre-suit discovery and for an extension of time to file the amended complaint. ECF Doc. 21. On August 28, 2019, the Court ordered Plaintiff to show cause, within fourteen (14) days, why the case should not be dismissed for his failure to prosecute or failure to comply with a Court order, thereby, giving him another fourteen (14) days (**and more than eight (8) months after his initial complaint was filed**) to file a sufficient amended complaint. ECF Doc. 22.

On September 13, 2019, Plaintiff responded to the show cause order with a document (ECF Doc. 23) titled "Motion To Show Cause Motion Vacate and Correct

---

[1] The fourth amended complaint is docketed as "II Supplemental Amended Complaint" and is the fourth supplement. *See* ECF Docs. 1, 17, 18 and 19.

Avoid, Illegal Order Motion To Reinstate 4th Amended Complaint," which does not comply with the Court's August 28, 2019 Order (ECF Doc. 22). Instead of filing an amended complaint, which sufficiently states a cause of action against Defendants, Plaintiff filed a motion seeking to vacate the Court's order requiring him to file an amended complaint and maintaining that his fourth amended complaint (ECF Doc. 19) was sufficient.

The undersigned has reviewed the response and, for the reasons set forth herein, as well as in the Court's July 17, 2019, order at ECF 20, respectfully recommends that Plaintiff's claims against Defendants be dismissed for failure to state a viable claim under 42 U.S.C. § 1983. Additionally, the Court denies Plaintiff's motion to vacate at ECF 23.

## I. Background

Plaintiff's fourth amended complaint names three (3) Escambia County Deputy Sheriffs as Defendants: Raul Mojica, Nicholas Scott Mayo and Christian Allen Coad. ECF Doc. 19 at 1-2. The fourth amended complaint sets forth the factual allegations which follow, the truth of which are accepted for purposes of this order.

On November 30, 2017, Plaintiff was standing in the parking lot of a Whataburger restaurant in Pensacola, Florida. *Id.* at 3. After seeing Defendants Mojica and Mayo separately enter a parking lot, Plaintiff approached Mojica's police

cruiser. *Id.* Mojica exited his vehicle, ordered Plaintiff to put his guitar on the pavement and detained Plaintiff. *Id.* Plaintiff says Mojica failed to identify himself or ask for Plaintiff's identification; instead, Mojica began a pat-down search. *Id.* When Plaintiff asked the reason for the search, Mojica stated it had to do with stolen credit cards. *Id.*

Mayo and Mojica then began discussing their uncertainty about who had called to report Plaintiff. *Id.* at 3-4. Later, Mayo, "without any further inquiry[,] said the witness [had] identified Plaintiff as the suspect and began reading [Plaintiff his] Miranda Notice." *Id.* at 4. After Plaintiff asked if he was being arrested, Mojica "announced that credit card fraud was a felony." *Id.* Plaintiff was then handcuffed and placed in Mayo's vehicle. *Id.* Based on Mojica's statement, and statements made by Mayo during the drive to the sheriff's station, Plaintiff believed he had been arrested for a felony involving the fraudulent use of credit cards. *Id.* Mayo told Plaintiff "he could not lower the charge to a misdemeanor because [Plaintiff] was arrested based on Officer Nielson['s] report from November 29, 2017 and that . . . report charged a felony offense." *Id.* Plaintiff, however, maintains he was "not the suspect subject to the felony credit card use and theft." *Id.* at 5.

When Mayo and Plaintiff arrived at the station, Mayo "altogether omitted the ('surplusage charge or count') of felony fraudulent use of a credit card and its customary citation authorizing its enforcement and impermissibly then falsely

arrest[ed] Plaintiff a second time for a misdemeanor without notifying Plaintiff the felony offense was dropped nor that he was being rearrested and charged with a misdemeanor."[2]  *Id*.  Plaintiff claims this "misled and embarrassed him to his prejudice."  *Id.* at 6.  Plaintiff further alleges Mayo filed a defective information which omitted Mojica's involvement with the arrest.  *Id.*

Based on the foregoing, Plaintiff alleges: (1) unreasonable search and seizure; (2) false arrest and imprisonment for felony fraudulent use of credit cards; (3) false arrest and imprisonment for misdemeanor fraudulent use of credit cards; and (4) "lack of probable cause/lack of jurisdiction." *Id.* at 11.  As relief, he seeks monetary damages.  *Id.*

Although Plaintiff did not include his arrest report with his fourth amended complaint, the Court attached it to its July 17 order, and stated, "[t]he arrest report from that case, signed by Defendant Mayo on November 30, 2017, indicates probable cause existed to arrest Plaintiff for the misdemeanor."  ECF 20 at 5. Specifically, in the arrest report, the Defendant Mayo relayed that officers received sworn statements from the victim and an employee of the Family Dollar that Plaintiff

---

[2] Plaintiff asserts Mayo initially stated that Plaintiff was being charged with a felony and the lowest bond available was $1,000.  ECF Doc. 19 at 7.  However, Mayo's supervisor, Defendant Coad, "disapproved of the $1000.00 bond and felony charge, yet impermissibly approved continued custodial imprisonment for the uncharged alternative offense of misdemeanor fraudulent use of a credit card and petit theft." *Id.*

Case No. 3:18cv2359-MCR-HTC

attempted to use the victim's credit card to purchase various items.  ECF 20 at 11-12.  The witness also indicated there is video surveillance of the transaction.  In Plaintiff's motion, he does not dispute the allegations made in the arrest report.

Also, in Plaintiff's motion to vacate (ECF Doc. 23), he provides additional factual allegations regarding his claims and describes the events leading up to his arrest as follows: the victim left her purse on top of her car and drove off; the purse fell from the car onto the ground; a man on a bike initially picked up the purse (wallet); but left an ID card and credit card, which fell out of the wallet, on the ground; Plaintiff picked up the ID card and the credit card and used the credit card.  ECF Doc. 23 at 5-6.  Plaintiff "had no intent to defraud," but was merely checking to see if the card was "a money card, not a debit or credit card."  ECF Doc. 23 at 6.  Plaintiff further contends he would have reimbursed the victim.  *Id*.

## II.    Analysis

### A.    Standard of Review under 28 U.S.C. §  1915(e)

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it determines it is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must read Plaintiff's *pro se* allegations in a liberal fashion.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Dismissals for failure to state a claim are governed by the same

standard as Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112

F.3d 1483, 1485 (11ᵗʰ Cir. 1997).

### B.    <u>Plaintiff's Response – False Arrest</u>

In Plaintiff's fourth amended complaint, Plaintiff challenges his arrest on the

ground that the Defendants initially announced he was being charged with a felony,

and then changed the charge to a misdemeanor.  (ECF Doc. 1 at 4-7, 9-11).  In its

July 17, 2019 Order, the Court specifically stated that,

> 'The validity of an arrest does not turn on the offense announced by the
> officer at the time of the arrest.'  *Bailey v. Bd. of Cty. Comm'rs of
> Alachua Cty.*, Fla., 956 F.2d 1112, 1119 n.4 (11th Cir. 1992) (citation
> omitted)); *see also United States v. Saunders*, 476 F.2d 5, 7 (5th Cir.
> 1973) ('When an officer makes an arrest, which is properly supported
> by probable cause to arrest for a certain offense, neither his subjective
> reliance on an offense for which no probable cause exists nor his verbal
> announcement of the wrong offense vitiates the arrest.') (citations
> omitted).

ECF Doc. 20 at 6.  The Court further held, "'[t]he existence of probable cause at the

time of arrest . . . constitutes an absolute bar to a section 1983 action for false arrest.'

*Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004)" (citation

omitted).  ECF Doc. 20 at 4.

Despite the Court's order and the case law on this issue, in Plaintiff's motion

to vacate he continues to take the position that because the charge was changed to a

misdemeanor from a felony, there was no probable cause for his arrest.  Plaintiff's

motion therefore is unavailing.

The arrest report establishes probable cause to arrest Plaintiff, and Plaintiff's admission that he used the victim's credit card only further validates that point. ECF Doc. 20 at 12; *see, e.g., Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) ("For probable cause to exist, . . . an arrest must be objectively reasonable based on the totality of the circumstances.") (citation omitted); *Craig v. Singletary*, 127 F.3d 1030, 1042 (11th Cir. 1997) ("Probable cause to arrest exists when the facts and circumstances within the collective knowledge of law enforcement officers, or of which they have reasonably trustworthy information, would cause a prudent person to believe that the suspect has committed or is committing an offense."). Because there was probable cause for Plaintiff's arrest, Plaintiff cannot state a claim for false arrest or malicious prosecution.

## C.    <u>Plaintiff's Response – Invalid Conviction</u>

Also, in Plaintiff's motion, he states that the order of conviction (convicting him of the misdemeanor theft) should be "void."[3] To the extent Plaintiff seeks to invalidate his misdemeanor conviction, he is foreclosed from doing so in a § 1983 action. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Instead, Plaintiff must bring a separate habeas petition under 28 U.S.C. § 2254. *See, e.g., Vickers v.*

---

[3] Plaintiff pleaded *nolo contendere* to the charge of misdemeanor fraudulent use of a credit card, which qualifies as a conviction under Florida law. *See* Fla. Stat. § 960.291(3) ("'Conviction' means a guilty verdict by a jury or judge, or a guilty or *nolo contendere* plea by a defendant, regardless of adjudication of guilt.").

Case No. 3:18cv2359-MCR-HTC

*Donahue*, 137 F. App'x 285, 290 (11th Cir. 2005) (Plaintiff's claim that the state court erred in holding that Plaintiff had violated his community control for two violations of conditions could only be brought via a habeas petition, not § 1983); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

## III.    Conclusion

For the reasons set forth above, Plaintiff's allegations against all Defendants should be dismissed.  *See Rosa v. Fla. Dep't of Corr.*, 522 F. App'x 710, 714 (11th Cir. 2013) ("[W]hile *pro se* pleadings are liberally construed, 'this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'") (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)).

Moreover, Plaintiff has been given multiple extensions and opportunities to substantively amend his complaint to state a cause of action against Defendants and has continued to fail to do so.  Indeed, Plaintiff's motion indicates that he has no intention of doing so as he believes he has set forth valid causes of action.  Thus, an additional opportunity to amend would be futile.

Accordingly, it is ORDERED that Plaintiff's Motion at ECF Doc. 23 be DENIED.

And it is respectfully RECOMMENDED:

1.    That this action be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B), for Plaintiff's failure to state a claim on which relief may be granted.

2.    That the clerk be directed to close the file.

Done at Pensacola, Florida, this 23rd day of September, 2019.


_/s/ Hope Thai Cannon_
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.